FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 24, 2026

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANGELA T.,[1]<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>Defendant. | No. 2:26-cv-56-EFS<br><br>**ORDER REVERSING THE ALJ'S DENIAL OF BENEFITS, AND REMANDING FOR BENEFITS** |

In this case that has been remanded by the district court or the Social Security Appeals Council three times over nine years of proceedings, Plaintiff Angela T. asks the Court to reverse the

---

[1] For privacy reasons, Plaintiff is referred to by first name and last initial or as "Plaintiff." See LCivR 5.2(c).

DISPOSITIVE ORDER - 1

Administrative Law Judge's (ALJ) most recent denial of Title 2 and Title 16 benefits. After the first unfavorable decision, the district court remanded for further proceedings because, among other reasons, the ALJ failed to adequately evaluate the opinion of a psychological examiner. After the second unfavorable decision, the Appeals Council remanded the case because the decision, again, did not adequately evaluate the psychological examiner's opinion. The third unfavorable decision incorporated the psychological examiner's opinion into the residual functional capacity (RFC), but the parties stipulated to remand the case based on a narrow step-five issue. The Appeals Council entered a remand order detailing the step-five issue and ordering the ALJ to take action to correct it. The ALJ then exceeded the scope of the remand order by expanding Plaintiff's RFC, violating the law of the case and the rule of mandate. When Plaintiff's RFC is properly considered, Plaintiff is disabled. Therefore, and as is explained further below, the Court reverses the ALJ's decision and remands for an award of benefits.

DISPOSITIVE ORDER - 2

## I. Background

The lengthy procedural history of this case is crucial to understand the settled law of the case and the scope of actions the Appeals Council directed the instant ALJ to take.

Plaintiff filed her Titles 2 and 16 applications for benefits on February 2, 2017, alleging disability beginning September 21, 2016.[2] Eventually, she requested benefits only through April 1, 2023.[3]

An ALJ issued the first unfavorable decision on January 31, 2019, which the district court reversed and remanded for further proceedings.[4] As the district court explained, the ALJ had given the opinions of a psychological examiner, Clark Ashworth, PhD, "great weight," but did not incorporate into the RFC or explain Dr. Ashworth's opinion that Plaintiff would have difficulty interacting with supervisors.[5] The district court remanded for further proceedings with

---

[2] Administrative Record (AR) 228–47.

[3] AR 1301.

[4] AR 17–28, 765–80. *See* E.D. Wash. Case No. 2:20-cv-86-FVS.

[5] AR 774–75. *See* AR 25.

instructions for the ALJ to reconsider the medical opinion evidence.[6] Accordingly, the Appeals Council remanded the case "for further proceedings consistent with the order of the court."[7]

On remand, the ALJ conducted further proceedings and issued an unfavorable decision on December 21, 2022.[8] The Appeals Council remanded the case to a new ALJ because this decision did not resolve all the issues identified by the district court.[9] The Appeals Council explained:

> [T]he U.S. District Court remanded this matter, in part, for further consideration of the psychological consultative examiner's opinion of Clark D. Ashworth because, as explained in the district court's order, the previous Administrative Law Judge decision, having [sic] gave great weight to Dr. Ashworth's opinion, erred by not providing "the requisite reasons to reject Dr. Ashworth's opinion that [the claimant] would have difficulty interacting with supervisors or to specifically incorporate this limitation into the assessed RFC" . . . .

---

[6] AR 779–80.

[7] AR 788.

[8] AR 791–807.

[9] AR 794–807, 815–20.

DISPOSITIVE ORDER - 4

> In the present decision, when evaluating the claimant's residual functional capacity, the Administrative Law Judge gives "substantial" weight to Dr. Ashworth's opinion . . . . Notably, Dr. Ashworth opined, in pertinent part, that the claimant "would have difficulty interacting in a work setting with coworkers and supervisors . . . .["] Despite acknowledging and giving "substantial" weight to Dr. Ashworth's opinion, the Administrative Law Judge does not include any limitations in the decision's residual functional capacity finding that addresses the examiner's opinion regarding the claimant's difficulty in interacting with coworkers as well as supervisor[s] in the work setting. In fact, the decision's residual functional capacity finding does not contain any workplace related social functional limitations . . . . The Administrative Law Judge also does not provide a discussion that explains why any limitations in the claimant's ability to interact with others in the workplace were excluded and not warranted in the residual functional capacity finding . . . . The present decision, therefore, does not resolve the issue raised by the district court regarding Dr. Ashworth's opinion and, as such, does not comply with the U.S. District Court's order. Further evaluation of Dr. Ashworth's opinion is required.[10]

The Appeals Council, among other directions, ordered a new ALJ to reconsider the medical opinion evidence and "[g]ive further consideration to the claimant's maximum residual functional capacity

---

[10] AR 817–18 (citations omitted).

DISPOSITIVE ORDER - 5

and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations."[11]

On remand, a new ALJ issued an unfavorable decision on March 15, 2024.[12] This decision included in the RFC that "[Plaintiff] is able to understand, remember, and carry out simple, routine tasks and instructions and interaction with coworkers and supervisors is limited to occasional and superficial interaction."[13] The ALJ supported these limitations with Plaintiff's testimony about how she was severely psychologically limited by her anxiety and depression, normal mental status exams, and Dr. Ashworth's examining opinion.[14] The ALJ found Plaintiff not disabled because she could still adjust to other jobs in the national economy, such as escort vehicle driver, document preparer, and nut sorter.[15] However, the vocational expert (VE) who testified

---

[11] AR 818.

[12] AR 634–54.

[13] AR 644.

[14] AR 648–49.

[15] AR 653.

DISPOSITIVE ORDER - 6

before this ALJ had testified that the modern document preparer job was performed differently than as outlined in the Dictionary of Occupational Titles (DOT), and had not testified regarding the nut sorter job.[16] Therefore, on appeal to district court, the parties stipulated to remand the case for the ALJ to "[o]btain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base."[17] The Appeals Council then entered the following order:

> The decision notes that the VE testified that the document preparer job uses more modern processes than those outlined in the DOT, but that the essential job functions of the job remain the same. However, there is little specificity as to how the job is performed currently (the relevant testimony is that there is little microfilming, documents are prepared, computers may be involved, and the job is a scanning job), so as to allow some correlation with the residual functional capacity requirements, and no evidence regarding the current performance of the nut sorter job. Accordingly, the record does not contain evidence from the VE regarding whether the occupations as currently performed, (1) have requirements consistent with the individual's residual functional capacity (RFC), and (2) exist in the national economy in numbers that alone, or in

---

[16] AR 719–21.

[17] AR 1367–68. *See* E.D. Wash. Case No. 2:24-cv-171-EFS.

DISPOSITIVE ORDER - 7

combination with work in other cited occupations, are significant.

Upon remand, the Administrative Law Judge will:

Obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base . . . . The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy . . . .

In compliance with the above, the Administrative Law Judge will offer the claimant the opportunity for a hearing, take any further action needed to complete the administrative record and issue a new decision.[18]

On remand, a new ALJ issued an unfavorable decision on November 28, 2025, which is now on appeal.[19] In this most recent decision, the ALJ discussed the scope of the remand from the district court and the Appeals Council:

The undersigned first notes the scope of the remand from the District Court and Appeals Council. The sole instruction is that the undersigned obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base, identify

---

[18] AR 1372–73 (citations omitted).

[19] AR 1266–86.

DISPOSITIVE ORDER - 8

examples of appropriate jobs, and state the incidence of such jobs in the national economy. The reason for that direction is that the previous decision found the claimant could [perform the document preparer job], which is an occupation that may include job materials or processes that have been replaced by more modern materials or processes. In such a case, the vocational expert must explain how this occupation is currently performed and that its requirements are consistent with the limitations contained in the residual functional capacity. The vocational expert who testified at the prior hearing did not provide such an explanation. The undersigned obtained new vocational expert testimony to correct that error, and a discussion of the expert testimony is included at step 5 of the sequential evaluation process.[20]

The ALJ then discussed whether the prior remands from the district court and Appeals Council left any medical opinions at issue:

The undersigned notes that, in the second remand, the Appeals Council only discussed the treatment of the opinion from Dr. Ashworth and how it had not yet been properly evaluated . . . . The Appeals Council did not direct a reevaluation of Dr. Montowski's opinion, nor did it direct a reevaluation of another opinion (Dr. Hale) that the USDC originally directed the ALJ to reevaluate . . . .[21] As the Appeals Council only found that Dr. Ashworth's opinion had not been properly evaluated, the undersigned concludes the

---

[20] AR 1278.

[21] Deborah Montowski, MD, was Plaintiff's treating physician, and Gordon Hale, MD, reviewed the medical records at the reconsideration level. *See* AR 1281–82.

DISPOSITIVE ORDER - 9

Appeals Council found no issues with the prior ALJ's treatment of the opinions from Drs. Montowski and Hale. The third remand from the USDC also limited the scope of the remand to errors in vocational testimony, according to the Appeals Council, without directions to reevaluate any of the opinions from Drs. Montowski, Ashworth, or Hale. There appears to be no unresolved issue on the treatment of those opinions. While the undersigned is not bound by the analysis of prior ALJs on these opinions, without a particular directive to reconsider or reevaluate those opinions by the Appeals Council or USDC, the undersigned would only modify the analysis if doing so was warranted. The undersigned considered the previous decisions' discussion of the opinions from Drs. Montowski, Ashworth, and Hale but finds no particular reason to accentuate or change the analysis provided.[22]

In conducting the five-step sequential evaluation process for determining whether a claimant is disabled,[23] the ALJ crafted the following RFC:

> [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can stand and/or walk for about two hours and sit about six to eight hours in an eight-hour workday; she would need to alternate between sitting and standing approximately every 30 minutes for about five minutes while remaining at the workstation; she could occasionally stoop and climb ramps or stairs; she could never crouch, kneel, crawl, or climb ladders,

---

[22] AR 1278 (citations omitted).

[23] 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g).

DISPOSITIVE ORDER - 10

> ropes, or scaffolds; she could frequently handle and finger; she would need to avoid dangerous machinery, unprotected heights, and walking on uneven surfaces; and she would require a predictable work environment.[24]

Notably, this RFC differs from the prior ALJ's RFC. Rather than limiting Plaintiff to simple tasks and occasional interactions based on Dr. Ashworth's opinion, the instant RFC's only mental limitation is a predictable work environment. The instant ALJ, despite previously stating there were no instructions to reconsider the opinions, and he found no reason to change the analysis of Dr. Ashworth's opinion,[25] considered Dr. Ashworth's opinion as follows:

> Clark Ashworth, Ph.D., conducted a psychological consultative examination on May 3, 2017, and opined the claimant was capable of understanding, remembering, and carrying out simple work-related instructions . . . . However, he opined the claimant would have difficulty interacting in a work setting with coworkers and supervisors . . . . The undersigned assigns limited weight to this opinion, as Dr. Ashworth's findings of concentration deficits support a limitation to simple instructions . . . . However, his evaluation occurred only a few months after the alleged onset date, and his conclusions are otherwise not entirely consistent with the overall record since that evaluation. Also, his assertion that the claimant would "have difficulty"

---

[24] AR 1276.

[25] AR 1282 (citations omitted).

DISPOSITIVE ORDER - 11

interacting is vague and insufficiently descriptive of the level of difficulty she might have. Subsequent records do not support any specific issues interacting with others; she has demonstrated this capacity by engaging in ongoing work activity and activities of daily living involving others, and her medical records show generally mild mental status exam findings with routine and conservative treatment . . . . Further, this opinion appears to be primarily based on the claimant's subjective reports rather than Dr. Ashworth's mental status exam findings, which generally reflect no limitations in interacting with coworkers and supervisors . . . .[26]

Finally, the ALJ found Plaintiff could adjust to other jobs in the national economy, such as telephone solicitor, information clerk, and receptionist.[27] The ALJ explained that in compliance with the Appeals Council's remand order, these step-five findings, unlike the prior ALJ's step-five findings, relied on vocational expert testimony that clarified the effect of the assessed limitations on Plaintiff's occupational base.[28]

Plaintiff now appeals to district court.[29]

---

[26] AR 1282 (citations omitted).

[27] AR 1285.

[28] AR 1285. *See* AR 1319–20.

[29] ECF No. 1.

DISPOSITIVE ORDER - 12

## II.    Standard of Review

When considering the ALJ's findings, the court is constrained to the reasons and supporting explanation offered by the ALJ.[30] The ALJ's decision is reversed "only if it is not supported by substantial evidence or is based on legal error"[31] and such error impacted the nondisability determination.[32]

## III.    Analysis

Plaintiff argues the ALJ committed legal errors by exceeding the scope of the Appeals Council remand order and made several findings unsupported by substantial evidence. Plaintiff requests a remand for an award of benefits. The Commissioner responds that the ALJ

---

[30] *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).

[31] *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). *See* 42 U.S.C. § 405(g).

[32] *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 416.920(a) (recognizing that the court may not reverse an ALJ decision due to a harmless error—one that "is inconsequential to the ultimate nondisability determination").

DISPOSITIVE ORDER - 13

committed no consequential errors, but if the ALJ did, then remand for further proceedings is the appropriate remedy.

**A.    Law of the Case Doctrine and the Rule of Mandate: Plaintiff establishes consequential error.**

1.    Standard

When a federal court remands a case to the Commissioner for further consideration, the Appeals Council may issue a new decision, dismiss the proceedings when appropriate, or remand to an ALJ with instructions for further proceedings.[33] "Any issues relating to the claim(s) may be considered by the Appeals Council or administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in the case."[34] If the Appeals Council remands the case to an ALJ for further proceedings, then the ALJ "shall take any action that is ordered by the Appeals Council and

---

[33] 20 C.F.R. §§ 404.983, 416.1483.

[34] *Id.* §§ 404.983(a), 416.1483(a).

DISPOSITIVE ORDER - 14

may take any additional action that is not inconsistent with the Appeals Council's remand order."[35]

Additionally, "both the law of the case doctrine and the rule of mandate apply in the social security context."[36] "The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case."[37] It should not be applied "when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust."[38] For example, the Ninth Circuit has held that a prior ALJ's step-four finding that a claimant could not perform his past work "is typically the type of determination that should not be reconsidered under the law of the case doctrine"

---

[35] *Id.* §§ 404.977(b), 416.1477(b).

[36] *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016).

[37] *Id.*

[38] *Id.*

DISPOSITIVE ORDER - 15

even if the finding was never affirmed by a district court.[39] In addition, "the district court may later decline to revisit previously settled issues that were not the subject of the remand based on the law-of-the-case doctrine."[40]

"The rule of mandate is similar to, but broader than, the law of the case doctrine."[41] The rule of mandate "provides that any district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it."[42] "The district court may, however, decide anything not foreclosed by the mandate."[43] The rule of mandate applies to an ALJ following a remand

---

[39] *Id.* (affirming the district court's decision to not apply the law of the case doctrine because the evidence had materially changed when the new ALJ found the claimant could perform his part work).

[40] *Fallon v. Dudek*, 135 F.4th 831, 836 (9th Cir. 2025) (citing *Stacy*, 825 F.3d at 567).

[41] *Stacy*, 825 F.3d at 567–68 (citation modified).

[42] *Id.* at 568 (citation modified).

[43] *Id.* (citation modified).

DISPOSITIVE ORDER - 16

order from district court.[44] For example, in *Stacy*, the district court had remanded with instructions to "formulate a correct RFC, further evaluate step five of the disability analysis, and otherwise comply with [a prior district court] remand order" containing several other specific instructions.[45] On remand, the ALJ never reevaluated step five because the ALJ found the claimant not disabled at step four.[46] The Ninth Circuit affirmed, holding that the ALJ did not violate the rule of mandate "[g]iven the expansive remand orders in this case."[47] The remand orders said the RFC needed to be corrected, which impliedly instructed the ALJ to reconsider whether the claimant with his corrected RFC could return to his past work at step four.[48]

Persuasive authority further illustrates the application of the law of the case doctrine and the rule of mandate in Social Security cases.

---

[44] *See id.*

[45] *Id.* at 566–67.

[46] *Id.* at 567.

[47] *Id.* at 568.

[48] *Id.*

DISPOSITIVE ORDER - 17

According to unpublished decisions from the Ninth Circuit, the following scenarios violate the law of the case doctrine and/or the rule of mandate:

- The district court remanded "for a new hearing to determine whether [the claimant] is *more* limited than previously found," so the ALJ on remand erred by finding the claimant *less* limited.[49]

- The district court concluded that the claimant's testimony was not inconsistent, so the ALJ on remand erred by relying on alleged inconsistencies in the claimant's testimony.[50]

- The Appeals Council remanded for the ALJ—who initially found the claimant's mental impairments to be "severe"—to reassess the RFC with full consideration of the claimant's mental

---

[49] *Ramirez v. O'Malley*, No. 24-1891, 2024 WL 4763686, at *1 (9th Cir. Nov. 13, 2024) (emphasis added).

[50] *Reeve v. Kijakazi*, No. 22-36018, 2023 WL 7411537, at *1 (9th Cir. Nov. 9, 2023).

DISPOSITIVE ORDER - 18

impairments, and the ALJ erred by then reassessing the mental impairments as "nonsevere" without any new evidence.[51]

As to other circuits, in *Key v. Sullivan*, an ALJ determined that the claimant's past relevant work was that of an assembler; the district court remanded for further proceedings because the ALJ failed to define the exertional requirements of the assembler job; and, on remand, a new ALJ redefined the claimant's past relevant work to include other jobs.[52] The Seventh Circuit held that redefining the claimant's past work violated the law of the case doctrine and the rule of mandate:

> The whole point of the remand was to allow the Secretary to make a finding as to the physical and mental demands of the assembler job in relation to Key's present capabilities. After ALJ Kortsch found that Key's present capabilities would not allow her to perform her past assembly job, the inquiry was expanded to evaluate whether she could perform any other past relevant work or other work in the national economy. By then, Key's past relevant work and her residual functional capacity were not open issues, and the Secretary was not free to disregard the

---

[51] *Johnson v. Kijakazi*, No. 19-17359, 2022 WL 1553259, at *1 (9th Cir. May 17, 2022).

[52] 925 F.2d 1056, 1060–61 (7th Cir. 1991).

DISPOSITIVE ORDER - 19

> narrow remand directions of the district court. There were no unusual or compelling reasons cautioning against application of the law of the case doctrine . . . . The Secretary clearly exceeded the scope of the remand order, and violated the law of the case.[53]

In contrast, remand orders might give broad directions to an ALJ, such as to reconsider all evidence and reevaluate the RFC.[54] In *Noreja v. Commissioner, SSA*, the Appeals Council remanded with instructions "that the ALJ 'will' obtain additional evidence 'to complete the administrative record in accordance with the regulatory standards regarding consultative examinations and existing medical evidence,'" adding that "this supplementary evidence 'should' include, if available, a consultative medical examination."[55] The Tenth Circuit held that the ALJ's failure to obtain a consultative medical examination did not violate the remand order because the ALJ obtained additional evidence to complete the record and the instruction to obtain a consultative

---

[53] *Id.* at 1061.

[54] *See, e.g.*, *Stacy*, 825 F.3d at 566–68.

[55] 925 F.3d 1172, 1180–81 (10th Cir. 2020).

DISPOSITIVE ORDER - 20

medical examination was not mandatory.[56] Similarly, the Tenth Circuit has held that a broad remand order instructing the ALJ to "[g]ive further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations" and "[o]btain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base" did not dictate any particular result.[57]

> 2.    Analysis

Here, the ALJ exceeded the scope of the Appeals Council remand order and violated the law of the case by enlarging Plaintiff's RFC to be limited only to predictable work environments instead of simple tasks and occasional interactions.

The only RFC to pass muster during these nine years of proceedings was the March 2024 RFC incorporating Dr. Ashworth's examining opinion that Plaintiff was limited to understanding,

---

[56] *Id.* at 1181.

[57] *Martinez v. Barnhart*, 444 F.3d 1201, 1205–06 (10th Cir. 2006).

DISPOSITIVE ORDER - 21

remembering, and carrying out simple, routine tasks, and occasional and superficial interaction with coworkers and supervisors.[58] That RFC followed two remands, the first from district court for purposes of reassessing the RFC with full consideration of Dr. Ashworth's opinion, and the second from the Appeals Council for the ALJ again not adequately doing so.[59]

With that RFC established, the case came before the district court again, this time for a narrow step-five issue.[60] The step-five error was obvious: one of the jobs the vocational expert identified that Plaintiff could perform had modern job processes different from those in the DOT, and the ALJ identified another job the vocational expert had never testified about.[61] Accordingly, the parties agreed that the ALJ needed to "[o]btain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's

---

[58] AR 644.

[59] AR 779–80, 817–18.

[60] *See* AR 1367–68.

[61] *See* AR 653, 719–21.

DISPOSITIVE ORDER - 22

occupational base," and the Court's remand order adopted this language.[62] The parties did not stipulate to, nor did the Court identify, any other error or necessary further proceedings, except the ALJ had to "take any further action needed to ensure that the administrative record is complete and issue a new decision."[63]

The Appeals Council's subsequent remand order discussed in great detail the step-five issue only.[64] The Appeals Council then ordered the ALJ to "[o]btain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base," offer Plaintiff the opportunity for a new hearing, "take any further action needed to complete the administrative record[,] and issue a new decision."[65] The Appeals Council did not, as it

---

[62] AR 1367–68.

[63] AR 1368.

[64] AR 1372.

[65] AR 1373.

DISPOSITIVE ORDER - 23

had done twice before, direct any further assessment of the RFC or medical opinions.[66]

The instant ALJ, at first, correctly explained the narrow scope of the remand: "The sole instruction is that the undersigned obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base, identify examples of appropriate jobs, and state the incidence of such jobs in the national economy."[67] The ALJ then correctly described how the medical opinions were treated throughout these proceedings and correctly noted that there were no instructions to reevaluate any medical opinions.[68] The ALJ even clarified that he found "no particular reason to accentuate or change the analysis provided" for the medical opinions.[69] But, questionably, the ALJ subsequently did change the analysis provided for Dr. Ashworth's opinion. Rather than

---

[66] *See* AR 788, 817–18.

[67] AR 1278.

[68] AR 1278.

[69] AR 1278.

DISPOSITIVE ORDER - 24

incorporating it into the undisturbed-on-appeal RFC, he discounted it and materially changed the RFC to a predictable-environments mental limitation.[70]

This violated the law of the case and the rule of mandate.[71] The RFC with limitations to simple tasks and occasional interactions became the law of the case when that RFC was finally undisturbed on appeal after twice being remanded for further RFC-related proceedings.[72] A district court does not need to expressly affirm a finding for it to become the law of the case,[73] and the Court impliedly affirmed the RFC when it remanded with instructions to resolve only a narrow step-five issue.[74] In turn, the Appeals Council gave only step-

---

[70] AR 1276, 1282.

[71] *See Stacy*, 825 F.3d at 567.

[72] "[T]he district court may later decline to revisit previously settled issues that were not the subject of the remand based on the law-of-the-case doctrine." *Fallon*, 135 F.4th at 836.

[73] *See Stacy*, 825 F.3d at 567.

[74] AR 1367–68.

DISPOSITIVE ORDER - 25

five specific directions to the ALJ,[75] and neither the Court nor the Appeals Council ever directed the ALJ to reassess the medical opinions or the RFC, further cementing the RFC.[76]

The mandate, then, was to obtain updated vocational-expert testimony based on specified errors with the earlier vocational-expert

---

[75] AR 1372–73. To be clear, the Appeals Council's concluding instructions to "offer the claimant the opportunity for a hearing, take any further action needed to complete the administrative record[,] and issue a new decision" did not direct the ALJ to reconsider the medical opinions or the RFC. *Compare* AR 1373, *with* AR 788 (first Appeals Council remand order broadly incorporating the district court's order to reconsider the medical opinions and RFC), *and* AR 817–18 (second Appeals Council remand order with expansive directions to reconsider evidence and the RFC).

[76] *Cf. Stacy*, 825 F.3d at 568 (affirming when the remand order contained additional instructions to reconsider the RFC); *Martinez*, 444 F.3d at 1205–06 (same).

DISPOSITIVE ORDER - 26

testimony.[77] No circumstances changed that would support revisiting Dr. Ashworth's opinion after the RFC incorporating it became the law of the case; the ALJ was not instructed to reassess it, the relevant evidence and law had not changed, and honoring the law of the case would not be unjust.[78] The ALJ even initially stated that the medical opinions were no longer at issue and found no reason to change their analysis, and correctly identified the "sole instruction" at step five on remand.[79] But the ALJ then reevaluated Dr. Ashworth's opinion and materially altered Plaintiff's RFC, which exceeded the scope of the mandate.[80]

This error was consequential. By enlarging the RFC, the ALJ presented a hypothetical individual to the vocational expert who was

---

[77] AR 1367–68, 1372–73.

[78] *See Stacy*, 825 F.3d at 567 (listing these exceptions to application of the law of the case doctrine).

[79] AR 1278.

[80] *See Key*, 925 F.2d at 1060–61; *Ramirez*, 2024 WL 4763686, at *1; *Reeve*, 2023 WL 7411537, at *1; *Johnson*, 2022 WL 1553259, at *1.

DISPOSITIVE ORDER - 27

limited to a predictable work environment with no other mental limitations.[81] The vocational expert testified that such individual could perform the jobs of telephone solicitor, information clerk, and receptionist, resulting in the ALJ's finding that Plaintiff was not disabled at step five.[82] However, the vocational expert also testified that an individual limited to a reduced range of sedentary work who could perform only simple tasks would not be able to adjust to other work.[83] The vocational expert testified that the three jobs she identified could be performed by someone with the ability to interact with the general public and with coworkers.[84] Similarly, a previous vocational expert testified that someone of Plaintiff's RFC, but limited to only occasional interactions with supervisors, could not obtain competitive

---

[81] AR 1319.

[82] AR 1285, 1319–20.

[83] AR 1316–17.

[84] AR 1319.

DISPOSITIVE ORDER - 28

gainful employment.[85] Therefore, the error caused the disability determination, so the ALJ's decision is to be reversed.

**B.      Remand: award benefits.**

The court may remand for an award of benefits, rather than for more proceedings, where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand . . . .[86]

Here, remand for an award of benefits is appropriate. First, further administrative proceedings will offer no benefit, and the record is fully developed. The Commissioner has already had four opportunities to complete the record. Plaintiff requested benefits only for the closed period of September 21, 2016, through April 1, 2023, so there is no need to update any evidence. Second, as explained, the ALJ

---

[85] AR 723–24.

[86] *Ortiz v. Bisignano*, 179 F.4th 691, 706 (9th Cir. 2026) (citation modified).

DISPOSITIVE ORDER - 29

committed consequential legal error by exceeding the law of the case and the Appeals Council remand order. Third, if the error is resolved in Plaintiff's favor, Plaintiff is disabled. As explained, if the law of the case and the Appeals Council mandate are followed, vocational-expert testimony establishes that an individual of Plaintiff's RFC but with limitations to simple tasks and occasional interactions is disabled.

### IV.    Conclusion

Plaintiff establishes the ALJ erred and that an award of benefits is appropriate.

Accordingly, **IT IS HEREBY ORDERED**:

1.    The ALJ's nondisability decision is **REVERSED, and this matter is REMANDED to the Commissioner of Social Security for immediate calculation and award of benefits** for the disability period of <u>September 21, 2016, to April 1, 2023</u>.

2.    The Clerk's Office shall **TERM** the parties' briefs, **ECF Nos. 10 and 12**, enter **JUDGMENT** in favor of **Plaintiff**, and **CLOSE** the case.

DISPOSITIVE ORDER - 30

IT IS SO ORDERED. The Clerk's Office is directed to file this order and provide copies to all counsel.

DATED this 24th day of July 2026.

_Edward F. Shea_
_____
EDWARD F. SHEA
Senior United States District Judge